TRAVIS F. CHANCE, ESQ., Nevada Bar No. 13800
tchance@bhfs.com
EMILY L. DYER, ESQ., Nevada Bar No. 14512
edyer@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada  89106
Telephone:	702.382.2101
Facsimile:	702.382.8135

RICHARD ROSENBERG, ESQ. (admitted *pro hac vice*)
rrosenberg@brgslaw.com
DAVID FISHMAN, ESQ. (admitted *pro hac vice*)
dfishman@brgslaw.com
ALEXIS CIRKINYAN, ESQ. (admitted *pro hac vice*)
acirkinyan@brgslaw.com
BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 Ventura Boulevard, 18th Floor
Encino, CA 91436
Telephone:	818.508.3700

*Attorneys for Defendants DTG Las Vegas, LLC;
Fifth Street Gaming, LLC; and DTG Las Vegas Manager, LLC
dba Downtown Grand Hotel & Casino*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br><br>vs.<br><br>DTG LAS VEGAS, LLC; FIFTH STREET GAMING, LLC; AND DTG LAS VEGAS MANAGER, LLC dba DOWNTOWN GRAND HOTEL & CASINO, and DOES 1-10, inclusive,<br><br>        Defendants. | CASE NO.: 2:23-cv-00510-APG-NJK<br><br>**FIRST AMENDED STIPULATION AND ORDER TEMPORARILY STAYING ACTION PENDING MEDIATION** |

Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") and Defendants DTG Las Vegas, LLC, DTG Las Vegas Manager, LLC, and Fifth Street Gaming, LLC (collectively, "Defendants")(Defendants and Plaintiffs collectively, "the Parties"), by and through their respective counsel of record, hereby stipulate and agree as follows:

1. On April 6, 2023, Plaintiff filed this Action for violations of the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act ("ADAAA") of 2008 (hereinafter the "ADA/ADAAA"). (ECF No. 1).

2. On July 3, 2023, Defendants collectively filed an Answer to the EEOC's Complaint. (ECF No. 14).

3. The Parties' Discovery Plan/Scheduling Order is currently due on August 17, 2023. (ECF No. 14). Thus, no discovery deadlines or date for trial has been set.

4. The Parties have scheduled private, in-person Mediation with Sonya D. Goodwin on November 8, 2023.

5. The Parties have exchanged settlement information as part of settlement efforts in advance of the scheduled Mediation with Ms. Goodwin, a significant amount of which was not available or considered during the Parties' prior conciliation efforts. Additionally, current counsel for Defendants were not counsel of record at the time of conciliation efforts. This change, along with the additional exchange of information adds to a likelihood of success at mediation.

6. To allow the Parties time to participate in mediation, the Parties hereby stipulate and agree that all court proceedings and deadlines, including the requirements of LR 26-1 and FRCP 26(a)(1), should be stayed for 120 days.

7. The Court has the power to stay proceedings as part of its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding whether to grant a stay, a court may weigh the "competing interests of the parties and of the Court." *Coker v. Dowd*, No. 2:13-CV-0994-JCM-NJK, 2013 WL 12216682, at *1 (D. Nev. July 8, 2013). The competing interests that may be considered include "the

possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

8. The Parties submit that the competing interests weigh in favor of a stay. A stay will promote judicial economy and allow this Court to more effectively control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and the litigants. Given that this case is in its early stages and no deadlines or trial date have been set further supports a stay to allow the Parties an opportunity to resolve this case in mediation. Staying the case pending mediation will save the Parties from having to incur additional, potentially unnecessary litigation costs.

9. This stipulation is entered in good faith, is reasonably necessary, and is not sought for the purposes of delay.

10. This is the Parties' second request to stay this proceeding.

11. The EEOC intends to file a status report regarding the status of the Parties' mediation no later than November 17, 2023.

//

//

The stipulation to stay is **GRANTED** in part. This matter is stayed until November 15, 2023. A joint status report must be filed by that date.
IT IS SO ORDERED.
Dated: August 15, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

**FIRST AMENDED STIPULATION AND ORDER TEMPORARILY STAYING ACTION PENDING MEDIATION**

2237091.3

25938060

**IT IS SO STIPULATED.**

DATED: August 11, 2023

BY: /s/ Taylor Markey
    Taylor Markey
    EEOC Assistant Regional Attorney

*Attorney for Plaintiff*
*U.S. EQUAL EMPLOYMENT*
*OPPORTUNITY COMMISSION*

DATED: August 11, 2023

BROWNSTEIN HYATT FARBER SCHRECK, LLP
BY: /s/
Travis F. Chance, Esq., NV Bar No. 13800
tchance@bhfs.com
Emily L. Dyer, Esq., NV Bar No. 14512
edyer@bhfs.com
100 North City Parkway, Suite 1600
Las Vegas, Nevada  89106

BY: /s/ David Fishman

David Fishman, Esq. (admitted *pro hac vice*)
dfishman@brgslaw.com
Richard Rosenberg, Esq. (admitted pro hac vice)
rrosenberg@brgslaw.com
Alexis Cirkinyan, Esq. (admitted *pro hac vice*)
acirkinyan@brgslaw.com
BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 Ventura Boulevard, 18th Floor
Encino, CA 91436

*Attorneys for Defendants DTG Las Vegas, LLC, Fifth Street Gaming, LLC, and DTG Las Vegas Manager, LLC dba Downtown Grant Hotel & Casino*