Anna Y. Park, CA SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, CA SBN 286260
nakkisa.akhavan@eeoc.gov
Taylor Markey, CA SBN 319557
taylor.markey@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 785-3083
Facsimile: (213) 894-1301

Oscar Peralta, NV SBN 13559
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
333 Las Vegas Blvd. South, Suite 5560
Las Vegas, NV 89101
Telephone:  (702) 553-4457
E-mail:  oscar.peralta@eeoc.gov

Attorneys for Plaintiff U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No.: 2:23-cv-00510-APG-NJK |
| Plaintiff, | **CONSENT DECREE AND ORDER** |
| vs. | |
| DTG LAS VEGAS, LLC; FIFTH STREET GAMING, LLC; and DTG LAS VEGAS MANAGER, LLC dba DOWNTOWN GRAND HOTEL & CASINO, and DOES 1-10, inclusive, | Honorable Andrew P. Gordon U.S. District Judge |
| Defendants. | |

# I.

# INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" OR "Commission") and Defendants DTG Las Vegas, LLC, DTG Las Vegas Manager, LLC, and Fifth Street Gaming, LLC (collectively "Defendants" or "DTG") hereby stipulate and agree to entry of this Consent Decree (the "Decree") to fully and finally resolve the EEOC's Complaint against Defendants in U.S. Equal Employment Opportunity Commission v. DTG Las Vegas, LLC et al., Case No. 2:23-cv-00510-APG-NJK (the "Action").  Collectively, the EEOC and Defendants, are referred to herein as the "Parties."

On April 6, 2023, Plaintiff filed this Action in the United States District Court, District of Nevada, for violation of the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act ("ADAAA") of 2008, (hereinafter the "ADA/ADAAA").  The Action alleges that Defendants are liable for unlawfully discriminating against a class of disabled employees ("Claimants") by failing to effectively engage in the interactive process, denying them reasonable accommodations, culminating in denial of the same benefits and privileges of employment as their non-disabled co-workers, constructive discharge, and/or discharge in violation of the ADA/ADAAA. The Action further alleges that Defendants subjected Claimants to adverse employment actions such as pretextual scrutiny of work performance, discipline, and discharge in retaliation for engaging in protected activity, and otherwise interfered with disability-related rights in violation of the ADA/ADAAA. DTG denies all of the allegations and any unlawful or improper conduct.

# II.

# PURPOSES AND SCOPE OF THE CONSENT DECREE

A.     The Decree is made and entered into by and between the EEOC and Defendants and shall be binding on and enforceable against Defendants as well as

their parent organizations, officers, directors, agents, successors, assigns, purchasers, and any other corporation which Defendants may merge or consolidate.  The scope of the Decree is companywide and applies to the property located at 206 N. 3rd Street, Las Vegas, NV 89101.

        B.     The Parties have entered into this Decree for the following purposes:

                1.     To provide appropriate monetary and injunctive relief;

                2.     To ensure employment practices in compliance with federal law;

                3.     To ensure a work environment free from discrimination and retaliation, especially as it relates to disability discrimination;

                4.     To ensure training for Defendants' managers and employees with respect to the pertinent laws regarding disability discrimination; and

                5.     To provide an appropriate and effective mechanism for handling reasonable accommodation requests, as well as complaints of disability discrimination in the workplace.

## III.

## RELEASE OF CLAIMS

        A.     This Decree fully and completely resolves all issues, claims and allegations raised by the EEOC against Defendants in this Action, including those which arose from EEOC Charge Nos. 487-2019-01249, 487-2020-00991, and 487-2019-00958.

        B.     Nothing in this Decree shall be construed to limit or reduce Defendants' obligation to comply fully with the ADA/ADAAA or any other federal employment statute.

        C.     Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree in the event that Defendants fail to perform the promises and representations contained herein.

D.     This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against Defendants in accordance with standard EEOC procedures.

E.  Nothing in this Decree is to be construed as an admission of liability.

## IV.

## JURISDICTION

A.     The Court has jurisdiction over the Parties and the subject matter of this litigation.  The Action asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree.  The terms and provisions of this Decree are fair, adequate, and reasonable.  This Decree conforms with the Federal Rules of Civil Procedure and ADA/ADAAA and is not in derogation of the rights or privileges of any person. Entry of this Decree will further the objectives of ADA/ADAAA and will be in the best interest of the Parties.

B.     The Court shall retain jurisdiction of this action for the duration of the Decree for the purposes of entering all orders, judgments and decrees that may be necessary to implement the relief provided herein.

## V.

## EFFECTIVE DATE AND DURATION OF DECREE

A.     The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court (the "Effective Date").

B.     Except as otherwise provided herein, this Decree shall remain in effect for  three (3) years after the Effective Date.

## VI.

## MODIFICATION AND SEVERABILITY

A.     This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.  No waiver, modification, or amendment of

any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B.      If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments in order to effectuate the purposes of the Decree.  In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

C.      By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions herein.

## VII.

## COMPLIANCE AND DISPUTE RESOLUTION

A.      The Parties expressly agree that if the EEOC has reason to believe that Defendants have failed to comply with any provision of this Consent Decree, the EEOC may bring an action before this Court to enforce the Decree.  Prior to initiating such action, the EEOC will notify Defendants, in writing, of the nature of the dispute.  This notice shall specify the particular provision(s) that the EEOC believes Defendants breached.  Absent a showing by either party that the delay will cause irreparable harm, Defendants shall have forty-five (45) days to attempt to resolve or cure any non-monetary breach.  In the event of a monetary breach, the EEOC will notify Defendants in writing and allow five (5) days from the date of the notice for Defendants to resolve or cure any monetary breach. If Defendants do not resolve or cure the monetary breach within this period, the EEOC may petition this Court for resolution and seek all available relief.

B.      After forty-five (45) days have passed with respect to any breach, if the Parties have reached no resolution or agreement to extend the time further, the EEOC may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree, the EEOC's costs and any

attorneys' fees incurred in securing compliance with the Decree, and/or any other relief the Court deems appropriate.

## VIII.

## MONETARY RELIEF

A.      In settlement of this Action, Defendants shall pay the gross sum of $720,000.00 ("Gross Sum").  The Gross Sum is inclusive of all monetary relief to be paid to the two Charging Parties or their personal representative, and a "Class Fund" representing monetary relief to be paid to Eligible Claimants.  The EEOC has full and complete discretion under the terms of this Decree to determine the amounts of any payments to be distributed from the Class Fund to an Eligible Claimant and the characterization of such payments as income, wages, or otherwise, as hereinafter described in this Decree.  The EEOC defines an Eligible Claimant who may take from the Class Fund as an individual who was subjected to discrimination in violation of the ADA/ADAAA by Defendants.  The EEOC has sole discretion to determine who is an Eligible Claimant.

B.      <u>Monetary Relief – Charging Parties and Eligible Claimants</u>

The EEOC has full and complete discretion under the terms of the Decree to determine the amount and characterization of payment, if any, to a Charging Party or an Eligible Claimant. The EEOC shall provide Defendants with a Distribution List(s) designating the payment amount(s) to any Charging Party or Eligible Claimant.  Within ten (10) days of receiving a signed W-9 from a Charging Party or an Eligible Claimant on the EEOC's Distribution List(s), Defendants shall forward, via first class mail, any check(s) from the Gross Sum in the amounts designated in the EEOC's Distribution List, less applicable withholdings, to any Charging Party or Eligible Claimant.  However, payment of any wages will be made within ten (10) days of receipt by DTG of a current IRS W-4 form for the applicable Charging Party or Eligible Claimant in addition to a signed W-9.

Within five (5) business days of mailing the aforementioned payment(s), Defendants shall submit a copy of any check(s) and any related correspondence to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.

Any payment(s) to any Charging Party or Eligible Claimant will be paid to each in two checks, if applicable:  (a) a non-wage compensation check will be issued for damages in the form of emotional pain and suffering, and for this payment Defendants, in the ordinary course, shall prepare and distribute any 1099 tax reporting form to each Charging Party or Eligible Claimant, if required by law, and shall make any appropriate report(s) to the Internal Revenue Service and other tax authorities; and (b) a wage payment, which payment will be treated as wages, subject to deductions for federal and state withholding taxes and other deductions Defendants are required by law to make.

Defendants shall pay the employers' portion of all deductions required by law, including, but not limited to, FICA and FUTA taxes, and such amounts shall not be deducted from payment of the monetary settlement amount(s) to the Charging Parties and Eligible Claimants. Defendants, in the ordinary course, shall prepare and distribute any W-2 form(s) to the Charging Parties and Eligible Claimants.  To the extent checks need to be reissued, the EEOC will notify Defendants.  The EEOC will inform Defendants of the allocation for wage and non-wage compensation for the Charging Parties and Eligible Claimants.

C.      The EEOC may subsequently issue additional Distribution Lists, as necessitated by further notice from Defendants that any check issued to a Charging Party or Eligible Claimant was not negotiated within ninety (90) days after issuance and/or was returned non-negotiated to Defendants.  The EEOC shall provide a Distribution List, which shall be denoted as the "Final Distribution List," and shall include, in addition to any additional Eligible Claimants to be paid, any additional amounts to be remitted to Charging Parties or Eligible Claimants

previously paid.  No further Distribution Lists shall be issued by the EEOC after the Final Distribution List is provided to Defendants.

Within ten (10) days of receipt of a signed W-9 from a Charging Party or an Eligible Claimant on the EEOC's Final Distribution List, Defendants shall forward via first class mail to each Charging Party or Eligible Claimant payments for a gross amount equal to the full amount set forth in the Distribution List.  However, payment of any wages will be made within ten (10) days of receipt by DTG of a current IRS W-4 form for the applicable Charging Party or Eligible Claimant in addition to a signed W-9.

Within five (5) business days of mailing the aforementioned payments, Defendants shall submit a report regarding the mailing of the checks to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.  The report shall show the amount of the check, the date the check was mailed, the person to whom the check was mailed, and the address to which the check was mailed.  Defendants' tax and tax reporting obligations as detailed in the preceding subsection shall apply in full to all payments in this subsection in accordance with the EEOC's characterizations of the nature of such payments as wage and non-wage compensation to Charging Parties and Eligible Claimants.

D.     Defendants will notify the EEOC of any funds remaining in the Class Fund at least sixty (60) days before the expiration of the Decree.  Within thirty (30) days of the latest date on which a check sent to a Charging Party or Eligible Claimant becomes void, money in the Class Fund that remains undistributed shall be reallocated to other Eligible Claimants at the EEOC's discretion.

/ / /

/ / /

/ / /

/ / /

# IX.

# GENERAL INJUNCTIVE RELIEF

A.   <u>Anti-Discrimination</u>

Defendants, their officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from engaging in any employment practice prohibited by the ADA/ADAAA in the following manner: (a) discriminating against any persons in violation of the ADA/ADAAA, including on the basis of disability; (b) engaging in or being a party to any action, policy, or practice that discriminates against any employee in violation of the ADA/ADAAA, including on the basis of their disability; (c) failing to engage in the interactive process with qualified individuals to explore possible reasonable accommodations; and (d) failing to provide a reasonable accommodation to each qualified individual with a disability, unless Defendants demonstrate that the accommodation would impose an undue hardship on the operation of their business.

B.   <u>Retaliation and Interference with Rights</u>

Defendants, their officers, agents, management (including all supervisory employees), successors, assigns and all those in active concert or participation with them, or any of them, are hereby enjoined from engaging in, implementing, or permitting any action, policy, or practice that subjects any current or former employee or applicant of Defendants or their successors, or either of them, to retaliation and/or interference with rights under the ADA/ADAAA, because he or she has in the past, or during the term of this Decree:  (a) opposed any practice made unlawful under the ADA/ADAAA; (b) filed a charge of discrimination alleging such practice; (c) testified or participated in any manner in any investigation (including, without limitation, any internal investigation undertaken by Defendants or their successors) or proceeding in connection with this Action or relating to any claim of an ADA/ADAAA violation; (d) been identified as a

possible witness or claimant in this Action; (e) asserted any right under this Decree; or (f) sought and/or received any relief in accordance with this Decree.

## X.

## SPECIFIC INJUNCTIVE RELIEF

A.   Equal Employment Opportunity Monitor

1.     Within sixty  (60) days after the Effective Date, Defendants shall retain a third-party Equal Employment Opportunity Monitor ("Monitor") with demonstrated experience in the area of disability discrimination.  The Monitor shall monitor Defendants' compliance with the ADA/ADAAA, employment discrimination laws, and the provisions of this Decree.  Defendants shall ensure that the Monitor shall have access to documents and individuals necessary in meeting his/her obligations under the Decree.

2.     Defendants shall propose candidates for the role of Monitor to the EEOC for approval, which shall not be unreasonably withheld.  Defendants shall bear all costs associated with the selection and retention of the Monitor and the performance of his/her duties.  Should the Monitor be unable or unwilling to continue as Monitor for the duration of the Decree, the procedures set forth in this Section shall also apply to the selection of a new Monitor.

3.     The Monitor's responsibilities shall include the following:

a.     The Monitor shall review and revise Defendants' policies and procedures to ensure compliance with the ADA/ADAAA.  Specifically, the Monitor will review and revise Defendants' employment policies to ensure that Defendants' policies clearly prohibit discriminatory conduct, including making any personnel decisions on the basis of disability.   The Monitor shall also provide input on policies relating to applicants' and employees' requests for reasonable accommodation(s).  The Monitor

shall also work with Defendants concerning applicants'
and employees' requests for accommodation related to
disability to ensure that Defendants are engaging in the
interactive process and providing reasonable
accommodations to their disabled applicants and
employees in conformity with the ADA/ADAAA and the
provisions of this Decree.

b.   The Monitor shall ensure that live and interactive training
is provided to Defendants' employees on their rights and
responsibilities under the ADA/ADAAA, including, but
not limited to, Defendants' responsibilities to provide a
workplace free from discrimination based on disability,
Defendants' policies and procedures regarding disability
discrimination, harassment based on disability in
violation of the ADA/ADAAA, retaliatory actions
against an employee for complaining about
discrimination, and Defendants' policies and procedures
for filing complaints of discrimination.

c.   The Monitor shall ensure that live and interactive training
is provided to Defendants' supervisory employees, and
any staff handling human resources functions. Such
training shall ensure that Defendants' supervisory and
human resources staff understand their responsibility for
preventing discrimination based on disability, engaging
in the interactive process with applicants and employees
who have disabilities, preventing and refraining from
retaliation against employees for complaints of
discrimination, and knowing procedures for responding

to a request for accommodation and/or complaint of discrimination or retaliation.

d. The Monitor shall ensure that Defendants create a centralized system of tracking reasonable accommodation requests, discrimination complaints, particularly complaints related to disability discrimination, and retaliation complaints. Additionally, the Monitor will ensure that Defendants properly track and take steps to address such requests and complaints.

e. During the term of the Decree, the Monitor shall oversee and provide input on an annual audit of Defendants' efforts to: assess available reasonable accommodations; engage in the interactive process with their disabled applicants and employees; handle accommodation requests, including, but not limited to, identifying and providing a reasonable accommodation to their disabled applicants and employees; respond appropriately to complaints of disability discrimination and/or retaliation, including conducting a proper investigation; and conduct necessary monitoring thereafter.

f. Upon completion of the audit described in subsection (e), the Monitor shall provide feedback to Defendants on the results of the audit and how Defendants can improve their handling of requests for accommodations and/or complaints of disability discrimination or retaliation to ensure Defendants are in compliance with this Decree as well as the ADA/ADAAA.

g.    The Monitor shall report the findings of the audit described in  subsection (e) to the EEOC.

h.    During the term of this Decree, the Monitor shall prepare an annual report to the EEOC on Defendants' progress and their compliance under this Decree.

B.    <u>Policies and Procedures</u>

With the assistance of the Monitor, Defendants shall review their existing policies and procedures with regard to the ADA/ADAAA and create and/or revise any such policies and procedures to ensure compliance with the ADA/ADAAA, this Decree, and employment anti-discrimination laws (hereinafter the "Policy"). Specifically, Defendants will review and create/revise any policies and procedures regarding: the interactive process; the accommodation process due to disability; prohibited discriminatory and/or retaliatory conduct; the rights and responsibilities of applicants and employees under ADA/ADAAA; and/or specific policies and procedures regarding disabled applicants and employees.

1.    The Policy shall include:

a.    a clear and express prohibition against making any personnel decisions, including, but not limited to, hiring, firing, and disciplinary decisions, on the basis of disability, record of disability or perceived disability;

b.    a clear explanation of prohibited discriminatory conduct on the basis of disability;

c.    an assurance that employees who make complaints of discrimination based on disability, assert right under the ADA/ADAAA, or provide information related to such complaints, will be protected against retaliation;

d.    a clearly described procedure for applicants and employees to request accommodations for disabilities,

which shall provide the contact person responsible for accommodation requests, and the procedures for communicating such requests to the proper decision-makers;

e.    an explanation of applicants' and employees' rights and responsibilities under the ADA/ADAAA, including that federal law requires Defendants to provide reasonable accommodations to qualified individuals with disabilities, with regard to all terms, conditions, benefits, and privileges of employment;

f.    a requirement that Defendants' accommodation process provides a prompt, thorough, and effective interactive process that includes direct communication with the requesting applicant or employee to determine the need for reasonable accommodation, the available reasonable accommodations, and follow-up procedures to ensure that any accommodation provided continues to be effective;

g.    a requirement that Defendants will make a timely, good faith attempt to engage in and document an interactive process with an applicant or employee with a disability to determine the need for and availability of a reasonable accommodation which will involve direct communication with the applicant or employee to discuss issues relevant to the determination;

h.    a requirement that Defendants, including supervisory employees and human resources personnel, shall timely

provide an approved reasonable accommodation to qualified individuals with disabilities;

i.  a clearly described complaint process for employees or applicants who believe they have been subjected to disability discrimination, or retaliation, that provides internal and external avenues for complaints;

j.  a requirement that any employee in a management, supervisory, and/or human resources position who receives a request for accommodation or a complaint of discrimination and/or retaliation, whether formal or informal, written or verbal, report such request or complaint to management within forty-eight (48) hours of receiving said request or complaint;

k.  an assurance that Defendants shall protect the confidentiality of any discrimination and/or retaliation complaints to the fullest extent possible;

l.  a complaint process that provides a prompt, thorough, and impartial investigation;

m.  a requirement that Defendants communicate with the complainant in writing regarding the status of the complaint/investigation results of the investigation (i.e., an investigation was conducted and determined that policy has/has not been violated, or claim has/has not been  substantiated), and if any remedial action was taken (there is no requirement to disclose what remedial action was taken, just that there was/was not "remedial action" taken; and

n.    an assurance that Defendants will take immediate and appropriate corrective action when they determine that retaliation and/or disability discrimination has occurred.

2.    <u>Procedure for Handling Requests for Accommodation and Complaints of Discrimination and/or Retaliation</u>

Defendants' policy and procedure for handling requests for accommodation and complaints shall state how their employees will handle applicants' and employees' requests for accommodation, complaints of discrimination based on disability, and complaints of retaliation, including, but not limited to, the inclusion of the requirements and assurances as set forth herein, and the provision of information regarding how to make internal and external complaints.

3.    <u>Policy Distribution and Statement to EEOC</u>

Within ninety (90) days of the Effective Date and on an annual basis thereafter, Defendants shall ensure that they have distributed the Policy, including any reasonable accommodation and/or complaint procedure, to all employees.

Within one hundred (100) days of the Effective Date and on an annual basis thereafter, Defendants shall submit to the EEOC a statement confirming the distribution of the Policy.

Within thirty (30) days of the hire date of any person hired after the initial distribution but within the term of the Decree, Defendants shall ensure that they have distributed the Policy to that person.  On an annual basis throughout the term of the Decree, Defendants shall submit to the EEOC a statement confirming the distribution of the Policy to any person hired after the initial distribution but within the term of the Decree.

C.    <u>Posting of Notice of Entry of Consent Decree</u>

Within thirty (30) days of the Effective Date and throughout the term of this Decree, Defendants shall ensure that they have posted the Notice of Entry of Consent Decree (attached to this Decree as **Exhibit A**) in a conspicuous place at all

of Defendants' facilities within Las Vegas, Nevada, to all employees. Within forty(40) days of the Effective Date and annually throughout the term of this Decree, Defendants shall submit to the EEOC a statement confirming the posting of the Notice of Entry of Consent Decree.

D.   Performance Evaluations

Defendants shall hold their managers, supervisors, and human resources personnel accountable for failing to comply with Defendants' Policy and their procedures for handling requests for reasonable accommodation and/or complaints of discrimination and/or retaliation, including, but not limited to, noting such conduct in the employees' annual performance evaluation.

E.   Training

1.   Dissemination of Information Regarding Disability Discrimination and ADA/ADAAA

Defendants shall require its directors, management/supervisory employees and all employees with human resources functions to review the EEOC's Enforcement Guidance on Reasonable Accommodation and Undue Hardship under the Americans with Disabilities Act found at https://www.eeoc.gov/laws/guidance/enforcement-guidance-reasonable-accommodation-and-undue-hardship-under-ada. Defendants' Directors, Management/Supervisory Employees and Employees with Human Resources functions shall sign a verification of having read this guidance and provide their job title(s).

2.   Training for All Non-Management/Supervisory Employees

Within one hundred twenty (120) days of the Effective Date, and annually thereafter throughout the term of this Decree, Defendants shall provide at least one (1) hour of live and interactive training through the Monitor to all non-management/supervisory employees covering the Policy and federal anti-discrimination laws with an emphasis on disability discrimination, the interactive

process, and ascertaining reasonable accommodations. All persons required to attend such training shall verify their attendance in writing.

3.  <u>Training for Directors, Management/Supervisory Employees and all Employees handling Human Resources Functions</u>

Within one hundred twenty  (120) days of the Effective Date, and annually thereafter throughout the term of this Decree, Defendants shall provide at least two (2) hours of live and interactive training through the Monitor to all directors, management/supervisory employees and all employees handling human resources functions.  The training shall address Defendants' Policy as well as the following:

a.  Unlawful discrimination against applicants and employees with disabilities as prohibited by the ADA and ADAAA;

b.  Defendants' obligations pursuant to the ADA and ADAAA to engage in the interactive process and provide a reasonable accommodation;

c.  Each trainee's obligations in complying with federal laws regarding employment discrimination on the basis of disability and retaliation;

d.  The interactive process, including that it is necessary to communicate with every party involved with a particular accommodation, such as the employee and the employee's managers and supervisors, in order to assess the need of the employee requesting a reasonable accommodation;

e.  Monitoring accommodations to ensure employees are effectively accommodated and to ensure accountability of all parties involved in the accommodation process;

f.     Reviewing and assessing whether the interactive process was properly conducted, including determining the needs of disabled individuals to ensure they were provided a meaningful opportunity to engage in the interactive process;

g.     How to recognize an accommodation request or a potential need for an accommodation for individuals with disabilities;

h.     How to notify Defendants of an accommodation request or a potential need for an accommodation for individuals with disabilities;

i.     The purposes and goals of the interactive process and how best to ensure those purposes and goals are achieved; and

j.     How to address and report disability discrimination and retaliation complaints.

All persons required to attend such training shall verify their attendance and job positions in writing.

4.     Within ninety (90) days of the hire date or promotion date of any employee who is covered by the managerial training in the preceding subsection and hired or promoted after the annual training, Defendants shall provide a live and interactive training of at least one (1) hour duration covering all the topics in the preceding subsection.  All persons required to attend such training shall verify their attendance in writing.

5.     Defendants shall provide thirty (30) days written notice to the EEOC prior to the occurrence of any training undertaken pursuant to this Decree, including the location of the training, date and time of the training, materials for

the training, and person conducting the training.  EEOC personnel shall be permitted to attend and view the trainings.

6.      Within one hundred and fifty (150) days of the Effective Date and annually thereafter through the term of the Decree, Defendants shall produce to the EEOC documents verifying the occurrence of all training sessions conducted as required under this Decree, including the written training materials used, a description of the training provided, a list of the individuals who conducted the training, and a list of the names and job titles of attendees at each training session.

F.      Record Keeping and ADA Coordinator

Within sixty (60) days of the Effective Date, Defendants shall designate an in-house ADA Coordinator and establish a record-keeping procedure that provides for the centralized tracking of the following: requests for accommodation; disability discrimination complaints; retaliation complaints; and the monitoring of such requests and/or complaints in an Accommodation and Complaint Log.  The ADA Coordinator shall be responsible for tracking, monitoring, and processing requests for accommodations as well as complaints of discrimination and/or retaliation.  The ADA Coordinator also shall be responsible for ensuring that disabled individuals are provided with reasonable accommodations.

Defendant shall retain all documents relating to any accommodation requests, discrimination complaints, and retaliation complaints identified in the Accommodation and Complaint Log.  Defendants shall also maintain any documents generated or collected during the term of this Decree in connection with any accommodation requests, complaints of disability discrimination, investigations of requests for accommodation and/or complaints of discrimination or retaliation, and any decisions, findings, resolutions or personnel action regarding accommodation requests or complaints.  The ADA Coordinator and Defendants shall also ensure that record-keeping practices comply with the ADA/ADAAA

where medical information is kept confidential in separate medical files, apart from non-medical personnel files.

Defendants shall maintain an Accommodation and Complaint log for the purpose of annual self-assessment.  Utilizing the Accommodation Log and Complaint Log, the ADA Coordinator, under the guidance of the Monitor, will give feedback to Defendants as to how Defendants can improve: the way the interactive process is conducted by Defendants; the way in which reasonable accommodations are provided; and the manner in which discrimination and/or retaliation complaints are identified, reported, investigated, resolved, and monitored.

1.    The Accommodation Log shall include the following information:

   a. Name of person making the request;

   b. Date of the request;

   c. Physical or mental impairment(s);

   d. Any person to whom the request for accommodation was made;

   e. Accommodation(s) requested, if any;

   f. Any person involved in the interactive process;

   g. The decision-maker(s) on the request for accommodation;

   h. Accommodation provided along with a summary of documents or records reviewed, if any;

   i. The reason for the decision to provide or refuse any accommodation;

   j. Summary of any monitoring on the effectiveness of accommodations provided that has been conducted following each request for accommodation;

k.      Whether any modification or additional accommodations in conjunction with the original accommodation were sought and if such requests were granted or denied; and

l.      Status of each accommodation request.  If no results have been reached as of the time of the submission of the annual report, the status shall be included in the next report.

2.      The Complaint Log shall include the following information:

a.      Name of person making the complaint;

b.      Date(s) of the complaint (including all oral and written complaints);

c.      Nature of the complaint (disability discrimination, retaliation, etc.);

d.      Names of any and all person to whom the complaint (written and/or oral) was made;

e.      Names of any and all alleged perpetrators of discrimination and/or retaliation;

f.      Date of investigation into each complaint of discrimination and/or retaliation;

g.      Names of any and all individuals involved in the investigation;

h.      Names of any and all individual interviewed during the investigation;

i.      A brief summary of the investigation;

j.      A brief summary of how each complaint was resolved;

k.      Identity of each person involved in the resolution of the complaint;

l.      Summary of all information, including any and all documents, that were reviewed during the investigation and in reaching a resolution as to each complaint;

m.      Summary of any and all monitoring that has been conducted following each complaint; and

n.      Status of each complaint. If no results have been reached as of the time of the submission of the annual report, the result shall be included in the next report.

Within forty-five (45) days of a request by the EEOC for records related to employee complaints or requests for accommodation, Defendants shall produce such records to the EEOC.  In addition to the aforementioned responsibilities, the ADA Coordinator shall be responsible for: ensuring that all reports required by this Decree are accurately compiled and timely submitted; monitoring and ensuring the retention and maintenance of any documents and/or records required by this Decree; and monitoring and ensuring the distribution of any documents and posting of notices as required by this Decree.

G.      Reporting

Defendants, through their ADA Coordinator, shall provide the following reports annually throughout the term of the Decree:

1.      All documents verifying the occurrence of all training sessions and completion of mandatory review of the EEOC's Enforcement Guidance on Reasonable Accommodation and Undue Hardship under the Americans with Disabilities Act, including any attendance lists, that took place during the previous twelve (12) months;

2.      All documents verifying the distribution of the Policy and any related procedures for all employees as required under the Decree;

3.      Defendants' Accommodation Log and Complaint Log;

4.      A summary of Defendants' compliance in ensuring that reasonable accommodations are being provided to disabled individuals in accordance with the ADA/ADAAA;

5.      A copy of any audits conducted and reports prepared by the Monitor, including the audit and report described in section X.A. of this Decree;

6.      A copy of any Policy and related procedures regarding the interactive process, reasonable accommodations, disability discrimination, and/or retaliation that have been in effect since the last annual report;

7.      Verification that the Notice of Entry of Consent Decree has continued to be posted in a conspicuous place accessible to all employees throughout the duration of the Decree;

8.      A summary of the procedures and record-keeping methods developed for centralized tracking of accommodation requests, disability discrimination, and retaliation complaints; and

9.      A report detailing the performance evaluation given to managers, supervisors, and human resources personnel as described in subsection D above.

## XI.

## COSTS OF ADMINISTRATION AND IMPLEMENTATION
## OF CONSENT DECREE

Defendants shall bear all costs associated with their administration and implementation of their obligations under this Consent Decree.

## XII.

## COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

/ / /

/ / /

/ / /

## XIII.

## MISCELLANEOUS PROVISIONS

A.      During the term of this Decree, Defendants shall provide any potential successor-in-interest with a copy of this Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendants' locations, or any other material change in corporate structure, and shall simultaneously inform the EEOC of the same.

B.      During the term of this Consent Decree, Defendants shall assure that each of their officers, managers, first line supervisors, site superintendents and human resources personnel is aware of any term(s) of this Decree which may be related to his/her job duties.

C.      Unless otherwise stated, all notices, reports, and correspondence required under this Decree shall be delivered to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012; facsimile number (213) 894-1301.

D.      The Parties agree to entry of this Decree and judgment subject to final approval by the Court.  All parties, through the undersigned, respectfully apply for and consent to this entry of this Consent Decree Order.

## XV.

## EEOC'S REPORTING REQUIREMENTS UNDER IRC SECTIONS 162(f) AND 6050X

A.      The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

1.      The Defendant's EIN is: 90-1003873

The individual to whom the EEOC should mail a copy of the form 1098-F, if  the EEOC is required to issue one is:

> CIM Group
> Attn:  Synthia Rios
> 4700 Wilshire Blvd.
> Los Angeles, CA 90010

2.      The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

3.      The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

4.      Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

5.      The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

By: _____
ANNA Y. PARK,
Regional Attorney
Los Angeles District Office


BALLARD, ROSENBERG, GOLPER
& SAVITT, LLP

By: _____*/s/ David J. Fishman*_____
DAVID  J. FISHMAN
Attorney for Defendants
DTG Las Vegas, LLC
DTG Las Vegas Manager, LLC
Fifth Street, Gaming LLC


## [PROPOSED] ORDER

The provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is HEREBY ORDERED.  The Court hereby retains jurisdiction over this Consent Decree until its expiration or as determined by this Court.

IT IS SO ORDERED.


Date: _____          _____
The Honorable Andrew P. Gordon
United States District Court Judge

# Exhibit A

2377634.1



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Los Angeles District Office

## NOTICE OF CONSENT DECREE

The U.S. Equal Employment Opportunity Commission ("EEOC") filed a lawsuit in the United States District Court for the District of Nevada against DTG Las Vegas, LLC, DTG Las Vegas Manager, LLC, and Fifth Street Gaming, LLC collectively dba Downtown Grand Hotel & Casino; Case Number 2:23-cv-00510-APG (NJK). The EEOC filed this lawsuit alleging that Downtown Grand Hotel & Casino ("DTG") subjected a class of qualified individuals with a disability to discrimination when DTG failed to engage in an adequate interactive process and denied them reasonable accommodations in violation of the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA").

DTG denied and continues to deny the allegations in the EEOC's lawsuit, but to resolve the lawsuit, has agreed to enter into a Consent Decree which requires DTG to:

1) provide monetary relief for a class of qualified disabled individuals who allege they were discriminated against based on disability;
2) forbid disability discrimination in the future;
3) review, revise and redistribute their policies and procedures regarding disability discrimination, especially with regards to engaging in the interactive process and providing reasonable and effective accommodations;
4) hire an external EEO Monitor; and
5) provide training to their management and employees regarding disability discrimination, with an emphasis on what constitutes disability discrimination under the ADA/ADAAA.

DTG is committed to complying with federal anti-discrimination laws in all respects. DTG will not tolerate discrimination against employees and will not tolerate retaliation against any employee because of the filing of a charge of discrimination, giving testimony or assistance, or participation in any manner in any investigation.

The EEOC enforces federal laws against discrimination in employment regarding disability, race, color, religion, national origin, sex, pregnancy, and age. If you believe you have been discriminated against, you may contact the EEOC at:

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
333 Las Vegas Blvd. South, Suite 5560
Las Vegas, Nevada 89101
Telephone: (702) 553-4470
Website: http://www.eeoc.gov

The EEOC charges no fees and can speak languages other than English.

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED

This Notice must remain posted at the property located at 206 N 3rd Street, Las Vegas, Nevada 89101for 3 years from the effective date of the Consent Decree and must not be altered, defaced or covered by any other material.

2377634.1